## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

FRANCISCO O.[1],

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

CIVIL NO. 21-1055 (GLS)

## OPINION AND ORDER

Plaintiff seeks review of the Commissioner of the Social Security Administration denial of his application for disability insurance benefits. Docket No. 1. Plaintiff sustains that the decision should be reversed because it was unsupported by substantial evidence and based on incorrect legal standards. Docket No. 15. The Commissioner opposed. Docket No. 18. The parties consented to the entry of judgment by a United States Magistrate Judge under 28 U.S.C. § 636(c). Docket No. 4. After careful review of the administrative record and the parties' submissions, the Commissioner's decision is **AFFIRMED**.

### I.      Procedural Background

Plaintiff worked as a Municipal Police Officer for over 25 years (Tr[2]. 44; 568). On July 31, 2017, Plaintiff applied for disability benefits due to the following conditions: bilateral carpal tunnel syndrome, chronic asthma, chronic migraine, sleep apnea, lumbar herniated disc and high blood pressure (Tr. 567). Plaintiff sustains that the onset date of disability was July 31, 2017; however, the SSA determined that Plaintiff was disabled as of February 3, 2018 (Tr. 416, 448). Plaintiff requested a hearing before an Administrative Law Judge ("ALJ")(Tr. 473). A hearing was held before ALJ Ruy V. Díaz (Tr. 36-61). Plaintiff, represented by counsel, testified before the ALJ. Id. A Vocational Expert also testified during the hearing. Id.  The ALJ issued a decision finding that Plaintiff was not disabled, as defined in the Social Security Act, at any time from the onset date of July 31, 2017, through the date in which the decision was

---

[1]      Plaintiff's last name is omitted for privacy reasons.
[2]      "Tr." refers to the transcript of the record of proceedings.

issued.[3] (Tr. 21-30). Plaintiff asked the Appeals Council to review but the request was denied (Tr. 1-8), rendering the Commissioner's decision the final decision for review by this Court.

## II.     Legal Framework

**A.     Disability Determination by the SSA: Five Step Process**

To receive benefits under the Social Security Act, the ultimate question is whether plaintiff is disabled within the meaning of 42 U.S.C. § 423(d). Disability is defined as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than 12 months. See Id. The severity of the impairment must be such that the claimant "is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A). The burden of proving disability rests on plaintiff. 42 U.S.C. § 423(d)(5)(A); Bowen v. Yuckert, 482 U.S. 137, 146 (1987).

The Commissioner engages in a five-step sequential evaluation to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; Bowen, 482 U.S. at 140-142. At step one, the ALJ determines whether the claimant is engaged in "substantial gainful activity" and, if so, the claimant is not disabled. 20 C.F.R. § 404.1520(b). If not engaged in substantial gainful activity, the Commissioner must determine whether the claimant has a medically severe impairment or combination of impairments that significantly limit claimant's physical or mental ability to do basic work activities. 20 C.F.R. §404.1520(c). A severe impairment is one that significantly limits a claimant's physical or mental ability to perform basic work activities. 20 C.F.R. § 404.1520(c). The step two severity requirement imposes a *de minimis* burden, which is designed to screen out groundless claims. McDonald v. Secretary, 795 F.2d 1118, 1123 (1st Cir. 1986).

If the impairment or combination of impairments is severe, the third step applies. The ALJ must determine whether the claimant's severe impairments meet the requirements of a "listed impairment", which the Commissioner acknowledges are so severe as to preclude substantial gainful activity. See 20 C.F.R. § 404.1520(d); 20 C.F.R. Part 404, Subpart P, App. 1. If the claimant has a "listed impairment" or an impairment equivalent in severity to a "listed impairment", the claimant is considered disabled. If the claimant's impairment does not meet the severity of a "listed impairment", the ALJ must determine the claimant's Residual Function Capacity ("RFC"). 20 C.F.R. § 404.1520(e). An individual's RFC is his or

---

[3]     The ALJ's decision was issued on July 13, 2020. Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2022. Tr. 23.

her ability to do physical and mental work activities on a sustained basis despite limitations due to impairments. 20 C.F.R. § 404.1520(e); §404.1545(a)(1). At step four, the ALJ must determine, taking into consideration the RFC, whether the claimant can perform past relevant work. 20 C.F.R. §404.1520(f); § 416.920(f). If not, then the fifth and final step applies.

At steps one through four, the claimant has the burden of proving he cannot return to his former employment due to the alleged disability. Santiago v. Secretary, 944 F. 2d 1, 5 (1st Cir. 1991). However, the Commissioner has the burden under step five to prove the existence of other jobs in the national economy that claimant can perform. 20 C.F.R. § 404.1520(g); Ortiz v. Secretary of Health & Human Services, 890 F. 2d 520, 524 (1st Cir. 1989). If there are none, the claimant is entitled to disability benefits. 20 C.F.R. § 404.1520(f).

**B.     Standard of Review**

The Court may affirm, modify, reverse, or remand the decision of the Commissioner based on the pleadings and transcript of the record. 42 U.S.C. § 405(g). In reviewing a decision, the Court's role is limited to deciding whether the ALJ's decision is supported by substantial evidence in the record and based on a correct legal standard. See Id.; Seavey v. Barnhart, 276 F. 3d 1 (1st Cir. 2001); Manso-Pizarro v. Secretary, 76 F. 3d 15, 16 (1st Cir. 1996); Ortiz v. Secretary, 955 F.2d 765, 769 (1st Cir. 1991). The Commissioner's findings of fact are conclusive when supported by substantial evidence but not when obtained by ignoring evidence, misapplying the law, or judging matters entrusted to experts. Nguyen v. Chater, 172 F. 3d 31, 35 (1st Cir. 1999). "Substantial evidence" is more than a "mere scintilla"; it is such relevant evidence that a reasonable mind might accept as adequate to support a conclusion. Purdy v. Berryhill, 887 F. 3d 7, 13 (1st Cir. 2018). Under the substantial evidence standard, "a court looks to an existing administrative record and asks whether it contains 'sufficient evidence' to support the agency's factual determinations" and "the threshold for such evidentiary sufficiency is not high". Biestek v. Berryhill, ___ U.S. ___, 139 S. Ct. 1148, 1154 (2019).

A determination of substantiality must be based on the record. Ortiz, 955 F.2d at 769.  It is the Commissioner's responsibility to weigh credibility and to draw inferences from the evidence in the record. Rodríguez v. Secretary, 647 F. 2d 218, 222 (1st Cir. 1981). Courts will not second guess the Commissioner's resolution of conflicting evidence. Irlanda Ortiz v. Secretary, 955 F. 2d 765, 769 (1st Cir. 1991). The Commissioner's findings must be upheld if a reasonable mind, viewing the evidence in the record, could accept them as adequate to support his conclusion. Rodríguez, 647 F. 2d at 222. And even if there is substantial evidence, which could arguably justify a different conclusion, the Court must uphold

the ALJ's decision, if supported by substantial evidence. 20 C.F.R. §404.1546(c); Rodríguez Pagán v. Secretary, 819 F. 2d 1, 3 (1st Cir.1987). Reversal of an ALJ's decision is thus warranted only if the ALJ made a legal error in deciding the claim or if the record contains no rationally adequate evidence to justify the ALJ's conclusion. Manso–Pizarro, 76 F.3d at 16; Seavey, 276 F.3d at 9.

## III.    Discussion

Plaintiff argues that the ALJ's determination is erred on several grounds: (1) the ALJ revisited the favorable portions of the SSA's decision without adequate prior notice, (2) the ALJ did not adequately explain the conflict between the Dictionary of Occupational Title ("DOT") and the VE's opinion regarding Plaintiff's ability to perform as a sandwich board carrier, and (3) the ALJ did not afford proper weight to Plaintiff's cervical radiculopathy when determining the RFC. The Commissioner sustains that the ALJ's decision was based on substantial evidence on the record. The Court agrees with the Commissioner.

## A.    The ALJ Decision

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since July 31, 2017, the alleged onset of disability (Tr. 23). At step two, the ALJ determined that Plaintiff had the following severe impairments pursuant to 20 C.F.R. §404.1520(c): asthma, rhinitis, obstructive sleep apnea, cervical and lumbar degeneration, hypertension, bilateral carpal tunnel syndrome and obesity (Tr. 23). At the third step, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met the severity of a "listed impairment" in 20 C.F.R. Part 404, Subpart P, Appendix 1, and proceeded to determine Plaintiff's RFC (Tr. 24-26).

After considering the entire record and all of Plaintiff's symptoms, the ALJ concluded that Plaintiff had the RFC to perform light work, as defined in 20 C.F.R. §404.1567(b), except:

> lifting and carrying 20 pounds occasionally and 10 pounds frequently, sitting for 6 hours in an 8-hour workday, standing and walking for 6 hours in an 8-hour workday, and push/pull as much as can lift/carry. He can frequently reach overhead to the left, and frequently reach overhead to the right. For all other reaching, he can reach frequently to the left, and can reach frequently to the right. The claimant can handle items occasionally with the left hand and frequently with right hand. He has fingering limitations occasionally with the left hand and frequently with right hand. The claimant has feel limitations frequently on the left and frequently on the right. He can climb ramps and stairs frequently, climb ladders, ropes, or scaffolds occasionally, balance frequently, stoop frequently, kneel frequently, crouch occasionally, and crawl occasionally. The claimant can work at unprotected heights never, moving mechanical parts never, and operating a motor vehicle never, in humidity and wetness occasionally, in dust, odors, fumes and pulmonary irritants occasionally, in extreme cold

occasionally, in extreme heat occasionally, in vibration occasionally (Tr. 25).

In formulating the RFC, the ALJ considered the overall record which revealed that Plaintiff's impairments had not resulted in profound functional restrictions nor required advanced treatment (Tr. 26). To address the combined effect of Plaintiff's conditions, the ALJ included additional limitations regarding posture and the environment. Id. After determining Plaintiff's RFC, the ALJ concluded that Plaintiff was not able to perform his past relevant work, as defined in the DOT (Tr. 28).

The ALJ ended the sequential inquiry at step five when he concluded, after adopting the VE's testimony, that through the date last insured, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform (Tr. 29). Specifically, the ALJ concluded that Plaintiff could perform as counter clerk and sandwich board carrier. Id. The ALJ further concluded that the VE's testimony was consistent with the information contained in the DOT. Id. Consequently, the ALJ determined that Plaintiff was not disabled. Id.

**B.     Plaintiff's Allegations of Error**

Plaintiff asserts that the ALJ impermissibly revisited the SSA's determination that Plaintiff was disabled since February 3, 2018. Plaintiff sustains that the *only* issue that should have been considered by the ALJ was the onset date of the disability, which he claims was July 31, 2017, and *not* the finding of disability. Plaintiff also sustains that the ALJ failed to provide adequate notice prior to the hearing, including that the determination of disability would be revisited, in violation to 20 C.F.R. § 404.946(a) and (b).[4]

Under Section 404.946(a) "the issues before the administrative law judge include all the issues brought out in the initial, reconsidered or revised determination that were not decided entirely in your favor. *However, if evidence presented before or during the hearing causes the administrative law judge to question a fully favorable determination, he or she will notify you and will consider it an issue at the hearing.*" 20 C.F.R. § 404.946(a) (emphasis provided). In turn, under Section §404.946(b) the ALJ must notify the claimant if a *new issue* will be considered during the hearing. The SSA's determination regarding Plaintiff's disability was not a *new issue* raised by the ALJ. The SSA made a prior finding regarding Plaintiff's disability. Plaintiff did not agree with the onset date determined by the SSA but the

---

[4]      Plaintiff also cites sections I-2-2-1 and I-2-2-10 of the Social Security Administration Policy set forth in its Hearings, Appeals and Litigation Law Manual (known as "HALLEX"). These policies establish the same parameters of review established at Section 404.946(a): that an ALJ may revisit the SSA's entire determination, including portions favorable to the claimant, if prior notice is provided to the claimant.

issue of the disability *per se* was part of the determination made by the SSA and not new. Section §404.946(b) is therefore inapplicable in this case.

Section 404.946(a) specifically authorizes the ALJ to revisit a prior determination of the SSA that favors the claimant. The only condition established by the statute is that the claimant be informed about the ALJ's intention to revisit the issue. In the Notice of Hearing dated May 22, 2020 (Tr. 498-523) the ALJ informed Plaintiff as follows:

> Issues I Will Consider: The hearing concerns your application of February 22, 2018, for a Period of Disability and Disability Insurance Benefits under sections 216(i) and 223(a) of the Social Security Act (the Act). *I will consider whether you are disabled under sections 216(i) and 223(d) of the Act*. (Tr. 500)(emphasis provided).

The Commissioner is not required to provide a hearing limited to the portion of the claim that was unfavorable to the claimant. See 42 US.C.A. §405(b); Boettcher v. Secretary of Health and Human Services, 759 F.2d 719, 723 (9th Cir. 1985). Plaintiff was thus notified that the SSA's disability determination would be considered during the hearing and that the ALJ's scope of review would not be limited to a specific time frame (Tr. 500). The ALJ's Notice of Hearing fully complied with the requirements of Section 404.946(a), and the ALJ was authorized to revisit the SSA's determination in its entirety, including portions of the decision that favored Plaintiff.

During the hearing, the ALJ further stated that he had reviewed the arguments submitted by Plaintiff in writing, including his allegation that the appeal was about the onset date determined by the SSA (Tr. 42, 608-610). The ALJ informed Plaintiff's representative that the case was "reopened completely for the purposes of adjudication" and that his adjudication would not be limited to an exclusive period (Tr. 42). See McCarthy v. Apfel, 221 F.3d 1119, 1127 (9th Cir. 2000)(Section 404.946(a) expressly contemplates notification "at the hearing"). Moreover, Plaintiff does not contend that he was prevented from adequately presenting evidence on the issues before the ALJ. Indeed, Plaintiff testified and presented evidence during the hearing. See e.g., Pasco v. Commissioner, 2005 WL 1506343, at *11 (6th Cir.)(ALJ did not err by failing to defer to SSA's prior findings where Plaintiff was not prevented from adequately presenting evidence). Therefore, regardless of the content of the ALJ's notification, Plaintiff was allowed to effectively pursue his disability claim and the ALJ could consider such a claim. The ALJ validly reviewed the SSA's initial determination of disability.

Plaintiff sustains that there is a conflict between the VE's opinion regarding Plaintiff's ability to perform as a sandwich board carrier and the DOT for this job. Specifically, Plaintiff sustains there is a

discrepancy in the limitations established in Plaintiff's RFC regarding exposure to weather and atmospheric conditions and the DOT description of the conditions to perform this job. Plaintiff alleges that the ALJ failed to resolve this conflict, as required by SSR 004-p, before relying on the VE's testimony.

SSR 004-p clarifies SSA standards for the use of vocational experts at hearings on disability. See Policy Interpretation Ruling: Titles II & XVI: Use of Vocational Expert & Vocational Specialist Evidence, & Other Reliable Occupational Info. in Disability Decisions, SSR 00-4P (S.S.A. Dec. 4, 2000). The rule requires that, before relying on VE evidence to support a determination of disability, the ALJ must obtain a reasonable explanation for any conflict between occupational evidence provided by the VE and the information in the DOT, including its companion publication, the Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles, published by the Department of Labor. Id. SSR 004-p requires that the ALJ identify any such conflict and explain how it is resolved. Id.

The ALJ in this case did not perform an analysis about the purported conflict between the DOT for sandwich board carrier[5] and the VE's testimony on Plaintiff's ability to perform this job. However, the analysis was unnecessary. No such conflict exists. The DOT states that exposure to weather in this job is constant; however, Plaintiff's RFC does not contain a specific limitation regarding weather. The RFC includes *environmental* restrictions which limit Plaintiff's ability to work occasionally in: (1) humidity and wetness; (2) dust, odors, fumes and pulmonary irritants; (3) extreme cold and heat, and (4) vibration. These environmental restrictions, specifically those related to humidity and wetness, extreme cold, extreme heat and vibration, were specifically categorized in the DOT for sandwich board carrier as "Not Present-Activity or condition does not exist". The limitation for odors, fumes and pulmonary irritants was not included in the DOT. Therefore, the environmental conditions for which Plaintiff was occasionally limited pursuant to the RFC are non-existent according to the DOT. In the absence of a conflict, the ALJ did not have to include in its determination an explanation under SSR 004-p.[6]

Plaintiff also posits that the ALJ did not afford proper weight to Plaintiff's cervical radiculopathy and his manipulative limitation when determining the RFC. And that the ALJ's analysis did not meet the requirements of SSR 96-8p because his decision was not based on all the relevant evidence on the record. The Court disagrees. The ALJ considered Plaintiff's history of carpel tunnel syndrome, studies that

---

[5]     DICOT 299.687-014 (G.P.O.), 1991 WL 672646.

[6]     As the Commissioner correctly points out, even if the ALJ had to perform an analysis under SSR 004-p, the Commissioner is only required to identify one occupation which claimant may perform. 20 C.F.R. §404.1566(b); 20 C.F.R.§416.966(b); Cabreja v. Astrue, 2012 WL 272746, at *4 (D.R.I.); Sprague v. Astrue, 2011 WL 1253894, at *3 (D. Me.). The ALJ concluded that Plaintiff could perform as a counter clerk. Plaintiff does not allege that he was uncapable of performing this job. The ALJ thus complied with his duty to identify at least one job in the industry that Plaintiff was able to perform.

revealed his limitations in both hands, MRIs of the cervical and lumbosacral spine, Plaintiff's symptoms of constant pain in the hands, back and neck, and his alleged limitations in the performance of daily living activities (Tr. 26-28; 777-778; 995-996). Also, the ALJ considered the report rendered by consultative examiner Dr. Carmen Ortiz, who performed a complete physical evaluation of Plaintiff, but was not persuaded by her opinion (Tr. 26-28; 998-1010). The ALJ also considered the reports rendered by disability determination services (DDS) adjudicators who evaluated a meaningful portion of the record and have vast knowledge in the standards and procedures of the SSA (Tr. 27-28; 417-431; 449-464); 20 C.F.R. §404.1513A(b)(1). The ALJ found the DDS' reports persuasive but determined that the combined effect of Plaintiff's impairments warranted additional limitations in the RFC (Tr. 28). The ALJ concluded that, in general, Plaintiff's examinations were normal, including those for musculoskeletal disorders, that the treatment Plaintiff received was conservative, and that the combined effect of Plaintiff's physical impairments were not profoundly limiting (Tr. 27). Thus, the ALJ found that Plaintiff's statements regarding the intensity, persistence and limiting effects of those symptoms were not entirely consistent with the evidence in the record (Tr. 25-28).

Although the ALJ did not specifically mention the term "cervical radiculopathy" in his determination, he did evaluate Plaintiff's extensive medical record at the SIF, which specifically included the diagnosis of cervical radiculopathy (Tr. 653; 777).[7] Furthermore, the ALJ evaluated and discussed in detail the results of MRIs of the cervical and lumbosacral spine which revealed degeneration, considered Plaintiff's subjective claims of pain in the back and neck, considered the conservative nature of the medications prescribed for these symptoms, and concluded that Plaintiff's cervical and lumbar degeneration were severe impairments (Tr. 26-28). See Lord v. Apfel, 114 F. Supp. 2d 3, 13 (D.N.H. 2000)(failure to address specific piece of evidence did not undermine validity of ALJ conclusion, when supported by citations to record and the unaddressed evidence was cumulative). The ALJ's thorough analysis here is not undermined by the absence of a mention to cervical radiculopathy. See DaSilva-Santos v. Astrue, 596 F.Supp.2d 181, 188 (D.Mass. 2009)(ALJ required to consider all the evidence in file but not to mention every document on the record); Madera-Colón v. Commissioner, 2020 WL 5843673, at *3 (D.P.R.) (ALJ "is not required to expressly refer to each document in the record, piece-by-piece.")(citing

---

[7]    Plaintiff sustains that the ALJ should have considered cervical radiculopathy as a severe condition. The Court notes that Plaintiff was diagnosed with cervical radiculopathy in September 2014 and July 2016. On July 19, 2017, Plaintiff was fully discharged by the SIF *without* a disability (Tr. 71; 653; 777). The alleged onset date of disability was July 31, 2017. The cervical radiculopathy diagnosis was therefore made before the alleged onset date. And by the onset date, Plaintiff had been discharged from the SIF.

Rodríguez v. Sec'y of Health & Hum. Servs., 1990 WL 152336, at *1 (1st Cir. 1990)); Mateo Rivera v. Commissioner, 2020 WL 7786920, at *4 (D.P.R.). In sum, an ALJ may synthesize the medical findings on record. The ALJ adequately considered the overall record, which revealed that Plaintiff's impairments did not result in profound functional restrictions nor required advanced treatment and concluded that these were not supported by Plaintiff's subjective allegations. No error can be attributed to the ALJ's evaluation of the evidence.

## IV.      Conclusion

The ALJ properly evaluated the record as a whole and his decision is supported by substantial evidence in the administrative record using correct legal standards. After thoroughly and carefully reviewing the record, and there being no good cause to reverse or remand, the final decision of the Commissioner is **AFFIRMED**, and this action is dismissed.

Judgment is to be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 31st day of March 2022.

s/Giselle López Soler
GISELLE LOPEZ SOLER
United States Magistrate Judge